LINK: - JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05750 BRO (OPx) | Date | October 4, 2013 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Javier Barcenas, et al. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       (IN CHAMBERS)

### ORDER REMANDING CASE
### I.
### INTRODUCTION & BACKGROUND

On May 21, 2013, Plaintiff U.S. Bank National Association as a Trustee for Citigroup Mortgage Loan Trust, Inc. ("Plaintiff") filed this action in the Los Angeles County Superior Court. On August 8, 2013, Defendant Javier Barcenas ("Defendant") removed the action to this Court. Defendant alleges the action originally could have been filed in this Court, pursuant to 28 U.S.C. § 1331, based on issues of federal law. Accordingly, Defendant removed the action pursuant to 28 U.S.C. § 1331.

The Court issued an Order to Show Cause Re Subject Matter Jurisdiction September 9, 2013. No response was filed to the Order to Show Cause. The Court concludes that Defendant has failed to establish this Court's subject matter jurisdiction. Accordingly, the Court REMANDS the case to state court.

### II.
### DISCUSSION

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05750 BRO (OPx) | Date | October 4, 2013 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Javier Barcenas, et al. | | |

564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

In this case, Plaintiff alleges one cause of action for unlawful detainer, as defined under California Code of Civil Procedure section 1161. In Defendant's Notice of Removal, he fails to list a single federal law at issue. (Dkt. No. 1.) Instead, Defendant alleges "this action arises under United States Constitution Article III Original Jurisdiction reserving all rights to the People under Article IV," as well as under the Full Faith and Credit Clause of Article IV, and the Takings Clause of the Fifth Amendment. (Dkt. No. 1 at 2.) Nevertheless, the Court has reviewed Plaintiff's complaint and finds no claim arising under federal law.

Defendant references some federal law that provides procedural protections to homeowners who are in foreclosure. To the extent that Defendant intends to rely on a defense created by federal law, the Court yet lacks subject matter jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 14. A defense is not part of a plaintiff's properly pleaded claim. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14. Therefore, in this case, removal was improper based on 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332. Where the complaint on its face does not

LINK: - JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05750 BRO (OPx) | Date | October 4, 2013 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Javier Barcenas, et al. | | |

allege damages in excess of $75,000, it is a defendant's burden to show the claim meets the jurisdictional minimum.

Here, on the face of the complaint, Plaintiff alleges damages in the amount of only $10,000. (Compl. at 1.) It is not clear that the dispute is between citizens of different states. Additionally, Defendant has not attempted to demonstrate that damages exceed $75,000. Accordingly, Defendant has not met his burden to establish federal jurisdiction based on 28 U.S.C. § 1332.

The court issued an Order to Show Cause to obtain additional information as to why this Court should not remand this action for lack of subject matter jurisdiction. No response to the Order to Show Cause was filed.

## III. CONCLUSION

Therefore, Defendant has not established federal subject matter jurisdiction in this case. Accordingly, the Court REMANDS the action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |